## CAMPBELL v. BAIRD.

(*Knoxville.* September 28, 1895.)

DEPOSITIONS. *Exceptions, when taken and disposed of.*

Exceptions to depositions for want of lawful notice or certificate, which have been sustained by the Clerk, and appeal taken from his decision, are waived unless they are called up and disposed of in Court before the commencement of the trial or hearing.

Code construed: §§ 4626, 4627 (M. & V.); §§ 3868, 3869 (T. & S.).

Cases cited and approved: Darnell v. Bullock, 7 Heis., 366; Susong v. Ellis, 11 Heis., 85; Carter v. McBroom, 85 Tenn., 378.

---

FROM CAMPBELL.

---

Appeal in error from Circuit Court of Campbell County. W. R. HICKS, Judge.

A. J. AGEE for Campbell.

TAYLOR & FOWLER for Baird.

CALDWELL, J. This action of replevin was commenced before a Justice of the Peace, from whose judgment the plaintiff, Baird, appealed to the Circuit Court. In the latter tribunal verdict and judgment were in favor of the plaintiff, and the defendant,

Campbell, appealed in error to this Court. Pending his appeal, Baird took five depositions and caused them to be filed in the Circuit Court. Campbell excepted to those depositions before the Clerk of that Court, and, for cause of exception, said (1) that they were taken without notice, and (2) that they were not properly certified. The clerk sustained the exception, and from his action in so doing Baird appealed to the Judge of the Court.

When the case was regularly reached and called for trial in the Circuit Court, and the plaintiff had "announced ready, and, by attorney, was on foot to read the warrant" of the Magistrate, the defendant's attorney, for the first time, mentioned his exception, and, in doing so, simply said to the Court, without more: "There are some exceptions to depositions on file." In reply to that remark "plaintiff's attorney said, 'It is now too late,'" and the Court agreed to that suggestion of plaintiff's attorney.

To that ruling of the Court defendant excepted in general terms, "and nothing more was said until the plaintiff's attorney began to read the depositions, when defendant's attorney again excepted." The action of the trial Judge, in not considering defendant's exceptions and in permitting the depositions to be read, as above narrated, is assigned as error.

The trial Judge was right. The trial of the case was commenced before the fact that the depositions had been excepted to was brought to his attention. Though the record does not so state in so many

words, the inference is clear that the jury had been called and sworn. Plaintiff's attorney had arisen "to read the warrant" of the Magistrate, which is never done, under the practice prevailing in this State, until after the selection and swearing of the jury.

"All exceptions to depositions, for want of notice, because not filed in reasonable time, or for other causes going to the admissibility thereof, except objections to the competency of the witness or his evidence, shall be made and disposed of before the commencement of the hearing or trial, otherwise they shall be considered as waived." Code (M. & V.), § 4626. "It is the duty of the Clerk to act upon the exceptions made before the hearing forthwith, and from his decision an appeal lies to the Chancellor or Judge, to be disposed of before the cause is heard or tried." Code (M. & V.), § 4627.

The plain provision of these statutes completely vindicates the action of the trial Judge in this case. The exception made by the defendant to the depositions in question was for causes not involving the competency of the witnesses or of their evidence, therefore it should have been brought to the Court's attention and disposed of before the commencement of the trial. That not having been done, the exception was properly "considered as waived." In accord with this construction, though not upon the same facts, are *Darnell* v. *Bullock*, 7 Heis., 366; *Susong* v. *Ellis*, 11 Heis., 85; *Carter* v. *McBroom*, 85 Tenn., 378.

Presumably, the objection made when plaintiff's attorney "began to read the depositions" was the same as that made before the Clerk. No other objection or exception is shown in the record.

Affirm the judgment.